## UNCERTAINTY AS TO THE MEANING OF A WILL WRITTEN IN A FOREIGN LANGUAGE.

Court of Appeals for Stark County.

MARY HELEN WALKER v. FRANCES BURTSCHER ET AL.[*]

Decided, February Term, 1916.

*Wills—Construction of, Not Attempted—Where the Testator's Intention is so Involved in Obscurity that it Can Only be Guessed at by the Court.*

A court will not speculate as to the intention of a testator whose will was written in a foreign language and the scholars who were called as witnesses did not agree in their translations, but in such a case the provisions of the law for distribution of the property of a decedent will be applied.

---

[*]Motion to require the Court of Appeals to certify its record in this case overruled by the Supreme Court, June 30, 1916.

*Welty & Burt,* for plaintiff.

*J. W. Crane* and *T. C. Davis,* contra.

HOUCK, J.

This case is before us on appeal from the Common Pleas Court of Stark County, Ohio. The action is one in partition, and the parties hereto base their respective claims to the real estate in question on the construction placed on the last will and testament of Joseph Wagner, Sr. The petition alleges:

"Mary Helen Walker, the plaintiff herein, for a cause of action says that she is a daughter and devisee of Joseph Wagner, Jr., deceased; that he was a son and legal heir of Joseph Wagner, Sr., also deceased. That by the will of the latter a life estate was given and devised to Maria Wagner, now deceased, wife of Joseph Wagner, Sr., as shown by the record of said will in Will Record D, at page 532, in the records of the probate court of said county, of the following described lands and tenements, to-wit: being lots Nos. 335 and 1368 in the city of Massillon, Ohio; that the remainder after the said life estate in said lands and tenements was not given or devised to any person or persons whatsoever by said will, and was never during the life of said Joseph Wagner, Sr., by him granted or disposed of, but was at his death owned by him. Plaintiff says that said Joseph Wagner, Jr., was one of five children of said Joseph Wagner, Sr., to-wit: Frances Wagner Burtscher, Mary Wagner Grass, Lilian Wagner Ritter, Emma Wagner Neher, defendants herein, and Joseph Wagner, Jr. That each of said five children was upon the death of said Joseph Wagner, Sr., entitled to the undivided one-fifth interest in fee simple in the said remainder of said property. That said Joseph Wagner, Jr., at his death was possessed of and by his last will and testament gave, devised and bequeathed his said undivided one-fifth interest in said estate to Mary Wagner, his wife, now Mrs. Mary F. Timmel, defendant herein, Annie Josephine Blandon Wagner, defendant herein, and Mary Helen Walker, plaintiff herein, or to their survivors, to be divided among them in equal shares. That after the said will of Joseph Wagner, Jr., was executed, and after his death, his son, Edward Joseph John Wagner, also a defendant herein, was born and is now living. That said will was duly admitted to probate in the Probate Court of Stark County on the 4th day of November, 1904, and that said defendant Mary F. Timmel, as widow of Joseph Wagner, Jr., elected

to take her share of testator's property under the terms of said will in lieu of dower therein. That Joseph Wagner, Jr., has been dead more than one year, and that there are no debts or claims against said estate. Plaintiff says that as a daughter and one of the devisees of Joseph Wagner, Jr., as aforesaid, she has a legal right to and is seized in fee simple of the undivided two forty-fiths part of said lands and tenements above described, and that the defendants, Frances Burtscher, Mary Grass, Lillian Ritter and Emma Neher are the owners in fee simple of the undivided one-fifth part of said property each; that said Joseph Wagner, Jr., had children living at the time he made and executed his said last will, and that the defendant Edward Joseph Wagner was born thereafter, as aforesaid, and is now a minor, and that said after-born son of said Joseph Wagner, Jr., said Edward Joseph John Wagner, is the owner of and is seized in fee simple of the undivided one-fifteenth part of said property. That since the death of said life tenant, Maria Wagner, said property has been in the exclusive possession and enjoyment of the defendants, Frances Burtscher, Mary Grass, Lilian Ritter and Emma Neher, to the exclusion of plaintiff and the other said tenants in common. Wherefore plaintiff prays that she may have her interest set off to her in severalty; that an accounting be made of rents and profits of said estate from the time of the death of said Maria Wagner until partition be made, and for such other and further relief as is proper and right."

The defendants, Frances Burtscher, Mary Grass, Lilian Ritter, Emma Neher, Jacob Burtscher and Henry Neher, in their amended answer, after admitting certain allegations of the petition, deny each and all other statements contained therein, which puts in issue the claim that plaintiff has an interest in the real estate described in the petition and is entitled to rents and profits therefrom, and denies that she is entitled to partition.

Upon the issues raised by these pleadings the cause was submitted to this court on the evidence. It is the claim of plaintiff that under the provisions of the last will and testament of Joseph Wagner, Sr., deceased, his widow, Maria Wagner, took only a life estate, and at her death the real estate vested in the heirs of Joseph Wagner, Sr. The defendants contend that Maria Wagner, the widow, took a conditional fee, and that by reason of her not re-marrying, at her death the fee simple title vested

in her, and that she had a right to dispose of the same by will. The will of Joseph Wagner, Sr., was written in German and copied in that language in the Will Records of Stark county, Ohio. The original will, since the commencement of this litigation, has been mislaid or lost, and therefore we have not had the benefit that might be derived from an examination of the paper writing itself. The plaintiff and defendants presented German scholars as witnesses, who translated into English the language used in the recorded will of Joseph Wagner, Sr., but we are free to say that no two of them seem to agree, and when the court attempted to reconcile them it also was at sea. In the construction of wills the testator's meaning and intention in the language used is to be found and ascertained, if possible, and this courts strain to discover. We have done so in this case, but it availeth not. We have no positive and fixed rules in the interpretation of wills; hence, the imperfections of the human language, as ordinarily used; the obscure and often inconsistent expressions of intention as sometimes penned by the scrivener who draws the will; the utter inability of the human mind to anticipate future events and happenings—all these fully appear in the case at bar. The court can not tell what was in the mind of Joseph Wagner, Sr., at the time the scrivener penned his will for him, save and except from the language used therein, and it is not for a court by mere conjecture to determine what his will should be, and all that must be determined by giving to the language used by him that fair meaning and interpretation which the words and sentences warrant. We have no hesitancy in saying that from the different translations made by the witnesses, and the language used by Joseph Wagner, Sr., in the paper writing in question, we are fully satisfied that it can not take effect as a will by reason of the uncertain and indefinite character of the language used and the provisions contained therein. We think that the case of *Cope* v. *Cope* (45 Ohio State, pages 469 and 470) is decisive of the case at bar. The learned judge in the opinion says:

"Without pursuing the matter further, we think sufficient has been said to indicate the obscurity in which each item of

this will, when considered in connection with its other parts, is involved, and that no construction can be given it as a whole for which more can be claimed than that it is a clever guess at the probable intention of the testator; but this is not enough to warrant any particular construction claimed for a will, for (as observed by Mr. Jarman) conjecture is not permitted to supply what the testator has failed to indicate, and if after every endeavor the judicial expositor finds himself unable in regard to any particular fact to penetrate through the obscurity in which the testator has involved his intentions, the failure of the intended disposition is the inevitable consequence. To the validity of every disposition, as well of personal as real estate, it is requisite that there be a definite subject and object, and uncertainty on either of these particulars is fatal. * * * And though the privilege of making a will is one highly respected by law, yet as the law itself makes a just and equitable disposition of the property of an intestate among the natural objects of his bounty, it should prevail over the provisions of any attempted disposition that are so obscure that the general scheme and purpose of the testator can not be ascertained with any reasonable certainty."

It therefore necessarily follows from what we have already said that the plaintiff is entitled to a decree in partition; also the defendants, Frances Burtscher, Mary Grass, Lilian Ritter and Emma Neher, must account for the rents and profits derived from the real estate in question since the death of Maria Wagner. And this case is remanded to the court of common pleas for execution. Judgment accordingly.

SHIELDS, J., and POWELL, J., concur.